SCRUGGS v. CHAVIS[a]

[160 N.C. App. 246 (2003)]

———————————

THOMAS E. SCRUGGS, Plaintiff v. EMMA SLADE CHAVIS and LOLETA CHAVIS, Defendants

No. COA02-1112

(Filed 2 September 2003)

**Trials— motion to dismiss—calendar—conflicting dates— reliance on calendar**

Defendants' motion to dismiss an automobile accident case should not have been granted in plaintiff's absence where defendants served a notice of hearing for one date, but the subsequent final motion calendar distributed by the trial court administrator specified a different date. A party may rely upon the final calendar issued by the court; if the court has authorized a date other than that specified in the final calendar, it is the responsibility of the party who wishes to have the motion heard to clarify the hearing date with opposing counsel.

Appeal by plaintiff from order entered 30 April 2002 by Judge W. Douglas Albright in Guilford County Superior Court. Heard in the Court of Appeals 21 May 2003.

*Nancy P. Quinn, for plaintiff-appellant.*

*Burton & Sue, L.L.P., by William T. Corbett, Jr., for defendants-appellees.*

GEER, Judge.

The issue raised by this appeal is whether the trial court erred in granting defendants' motion to dismiss in plaintiff's absence when defendants served a notice of hearing for one date, but the subse-

SCRUGGS v. CHAVIS

[160 N.C. App. 246 (2003)]

quent final motion calendar distributed by the Trial Court Administrator specified a different date. Because we hold that plaintiff's counsel reasonably relied upon the Trial Court Administrator's final motion calendar, we reverse and remand.

Plaintiff, who was injured in a December 1997 automobile accident, originally filed a complaint based on that accident in Guilford County Superior Court in 1999. Defendants served discovery requests on 10 June 1999 and subsequently filed a motion to compel on 14 September 1999. On 11 October 1999, the court entered a consent order granting plaintiff until 3 November 1999 to respond to the discovery requests "or otherwise be subject to sanctions, pursuant to Rule 37 of the North Carolina Rules of Civil Procedure." On 7 January 2000, defendants served additional discovery requests. On 13 March 2000, defendants filed a second motion to compel, which resulted in a second consent order, dated 3 April 2000, requiring plaintiff to provide discovery within 30 days of entry of the order. On 20 June 2000, defendants moved to dismiss the action for failure to comply with the discovery order. Defendants served a notice of hearing stating that the motion would be heard on 10 July 2000, followed by a second notice of hearing stating that the motion would be heard on 24 July 2000. On 20 July 2000, plaintiff voluntarily dismissed that initial lawsuit without prejudice.

Plaintiff refiled his lawsuit on 19 July 2001. Defendants answered, denying the allegations, and served plaintiff with Defendants' First Set of Interrogatories and Request for Production of Documents. On 24 January 2002, after plaintiff failed to respond fully to defendants' discovery requests, defendants filed a motion to compel. After a hearing on defendants' motion, during the 4 March 2002 civil motion session, the superior court entered a consent order granting plaintiff an additional 30 days to provide defendants with specified documents and information.

On 12 April 2002, after 30 days had passed without compliance with the consent order, defendants served and filed a motion to dismiss pursuant to Rule 37 of the North Carolina Rules of Civil Procedure. On the same date, they also served and filed a "Calendar Request Form" asking that the motion be heard on 29 April 2002 and a notice of hearing stating that defendants would appear for the hearing of their motion on 29 April 2002.

Subsequent to receiving the notice of hearing, plaintiff received the "Final Calendar" for the 6 May 2002 motion non-jury civil session

over which Judge Ronald E. Spivey would be presiding. Included on that calendar was defendants' motion to dismiss.

Defendants appeared before Judge W. Douglas Albright on 29 April 2002. The court found that the matter was duly noticed for hearing on 29 April 2002 and that counsel for plaintiff had failed to appear. The court granted defendants' motion to dismiss. From this order, plaintiff appeals.

---

Defendants filed their motion to dismiss pursuant to Rules 26, 33, 34, and 37 of the North Carolina Rules of Civil Procedure for plaintiff's failure to comply with the court's order compelling discovery. We do not express an opinion on the merits of that motion, but rather address only whether the superior court erred in finding that the motion was duly noticed for hearing on 29 April 2002 and in then granting the motion without giving counsel for plaintiff an opportunity to be heard.

This appeal involves a fundamental principle: in civil cases filed in North Carolina, the calendar is set by the court and not by the lawyers. Here, the record includes two dates for the hearing of defendants' motion: one in a notice of hearing prepared by counsel for defendants and one in a later-received final motion calendar prepared by the Trial Court Administrator. Under both the General Rules of Practice and the local rules for the 18th Judicial District, plaintiff's counsel was entitled to rely upon the Trial Court Administrator's final calendar in the absence of any further direction from the court.

Under Rule 6 of the General Rules of Practice, "[m]otions may be heard and determined either at the pre-trial conference *or on motion calendar* as directed by the presiding judge." Gen. R. Pract. Super. and Dist. Ct. 6, 2002 Ann. R. N.C. 5 (emphasis added). Rule 2 of the General Rules of Practice provides that the civil calendar shall be prepared under the supervision of the presiding judge and shall be distributed to each attorney of record. Gen. R. Pract. Super. and Dist. Ct. 2(b), 2002 Ann. R. N.C. 2. In short, motions—other than those heard at a pre-trial conference—are to be heard on a motion calendar prepared by the court.

The 18th Judicial District Superior and District Court local rules in turn provide in Rule 1.2 that "[t]he calendars for the disposition of civil cases in the Superior Courts of the 18th Judicial District shall be set by the Trial Court Administrator in accordance with these rules." *See also* Rule 3.2 ("The tentative and final civil calendars for all civil

SCRUGGS v. CHAVIS

[160 N.C. App. 246 (2003)]

sessions in Greensboro and High Point will be prepared by the Trial Court Administrator."). To schedule a motion in a civil matter, counsel is required, under Rule 3.5, to complete a "Calendar Request" form and submit it to the Trial Court Administrator. Rule 7.2(b)(1), specifically addressing motions, provides that non-jury civil sessions for the hearing of motions will be held at least monthly "and at such other times deemed appropriate by the Trial Court Administrator."

Since the notice of hearing was served on the same day as the calendar request form, plaintiff's counsel could reasonably assume that defendants were simply requesting that their motion be heard on 29 April 2002 and that the court had not yet calendared the motion. Counsel for defendants' cover letter does not suggest otherwise. In fact, the record contains no evidence to indicate that the court ever granted defendants' request to be heard on 29 April 2002. The notice of hearing from counsel could not trump the Trial Court Administrator's subsequent "Final Calendar" scheduling the motion for hearing on 6 May 2002. Given the local rules for the 18th Judicial District, plaintiff's counsel was entitled to rely upon that "Final Calendar."

Defendants argue that the conflicting dates placed a duty on counsel to clarify the date of the hearing. Had plaintiff's counsel received the notice of hearing after the final calendar, then such an argument might have merit. When, however, an attorney has received a calendar request form/notice of hearing from counsel followed by a final calendar issued by the court, the attorney may rely upon the final calendar. If the court has in fact authorized a date other than the one specified in the final calendar, it is the responsibility of the party who wishes to have the motion heard to clarify the hearing date with opposing counsel.

Under these circumstances—and in the absence of any record that the court actually directed that the motion be calendared for 29 April 2002—we find that plaintiff's counsel was not duly notified of the 29 April 2002 hearing. We, therefore, reverse and remand for the trial court to hear defendants' motion to dismiss following proper notice to plaintiff.

Reversed and remanded.

Judges MARTIN and HUNTER concur.